# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

JAMES RYAN RODGERS,
ADC #109916                                                                    PLAINTIFF

V.                                    4:07CV00275 GH/JTR

SEXTON FOODS                                                                   DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to the United States District Judge assigned to this case. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the Grimes Unit of the Arkansas Department of Correction, has commenced this § 1983 action against Defendant Sexton Foods. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the Complaint be dismissed, with prejudice, for failing to state a claim upon which relief may be granted.

## II. Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

In his Complaint, Plaintiff alleges that he injured himself when he fell off a toilet seat in the men's restroom at Sexton Foods. *See* docket entry #2. It is well settled that a § 1983 action can only be filed against a "state actor" or a person acting under "the color of state law" for deprivations of an individual's federal statutory or constitutional rights. *See* 42 U.S.C. § 1983; *Scheeler v. City of St. Cloud, Minn.,* 402 F.3d 826, 830 (8th Cir. 2005); *see also Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (explaining that: "Section 1983 secures most constitutional rights from infringement by governments, not private parties"). In this case, it is clear that Plaintiff is bringing a personal injury claim against Defendant Sexton Foods, which is a privately owned grocery store that is in no way connected with the state or other governmental entity. Thus, Plaintiff has failed to state a claim for relief under § 1983. Instead, his claim should be brought in a personal injury action filed in state court.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, Plaintiff's § 1983 Complaint (docket entry #2) be DISMISSED, WITH PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).[1]

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 26th day of April, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."